UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:15-cr-3-SEB-WGH-1 |
| | ) | |
| JUAN ISIDRO MORENO, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on July 16, 2015, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on July 15, 2015, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g). An Initial Hearing and disposition proceedings in this matter were held on December 4, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Juan Isidro Moreno, appeared in person with his retained counsel, Charles P. Gore. The government appeared by William L. McCoskey, Assistant United States Attorney, via telephone. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On December 4, 2015, Charles Gore, retained counsel, was present for the initial hearing.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Moreno and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Moreno was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Moreno was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Moreno was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Moreno was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Moreno had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on July 16, 2015.

7. At that time the defendant, by counsel, stated his readiness to waive the preliminary examination and proceed with the revocation hearing. Mr. Moreno then waived, in writing, the preliminary hearing.

8. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 through 4 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

    (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve twelve (12) months and one (1) day of imprisonment with no term of supervised release to follow.

10. The Court then proceeded to a revocation hearing upon the alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 4 of said Petition. The Court placed Mr. Moreno under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Moreno admitted the violations contained in Violation Numbers 1 through 4. The Court specifically inquired of Mr. Moreno whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Moreno that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Moreno answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 4. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not commit another federal, state, or local crime.** |
| 2 | **The defendant shall not unlawfully possess a controlled substance.** |
| 3 | **The defendant shall refrain from any unlawful use of a controlled substance.** |
| 4 | **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer** |

11. Based on the information available to the Court, the Court further finds the following:

(1) Mr. Moreno has a relevant criminal history category of III.  *See,* U.S.S.G. §7B1.4(a).

(2) The most serious grade of violation committed by Mr. Moreno constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Moreno is 8-14 months.

(4) The appropriate disposition for Mr. Moreno's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months and one (1) day, with no term of supervised release to follow.

(b) The Court further recommends the Defendant be designated to the Manchester or Ashland, Kentucky facilities for his term of imprisonment.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 4 of the Petition.  The defendant's supervised release is hereby **REVOKED,** and Juan Isidro Moreno shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months and one (1) day, with no term of supervised release to follow.  The Court further recommends the Defendant be designated to the Manchester or Ashland, Kentucky facilities, for his term of imprisonment.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Juan Isidro Moreno's supervised release.

**IT IS SO RECOMMENDED** this 7th day of December, 2015.

_____
Van T. Willis, Magistrate Judge
United States District Court

Distribution:

All counsel of record via CM/ECF

U.S. Marshal

U.S. Probation Office